[No. 34903. Department One. August 27, 1959.]

ANTON R. JOHANSEN et al., *Appellants*, v. WILLIAM R. EDDLEMAN, *Respondent*.[1]

[1]Reported in 343 P. (2d) 737.

*Frederick Paul,* for appellants.

Eddleman & Wheeler *(Arnold B. Robbins of counsel),* for respondent.

HUNTER, J.—This is an action for damages resulting from the asserted breach of an oral trust agreement, and for the recovery of fees paid to the trustee.

Prior to July 1, 1951, the plaintiffs (hereafter referred to in the singular) were owners of a C-47 transport plane and were in serious financial difficulty. Claims in the sum of approximately twenty-seven thousand dollars were outstanding against the aircraft which was valued between fifty thousand and sixty-five thousand dollars. On or about July 1, 1951, the defendant, a member of the Seattle Bar Association and attorney for the plaintiff, agreed to advance sufficient funds to pay the claims against the aircraft, to take title to the same, to operate and manage the aircraft until he had been paid his advances and a fee, and thereupon to return the aircraft to the plaintiff. Plaintiff delivered the aircraft to the defendant, together with title thereto, and the defendant paid the claims and operated the aircraft as trustee for the plaintiff. The defendant organized Kearn, Inc., a California corporation, which was wholly owned by the defendant, to operate and manage the aircraft. The purpose of the corporation was to insulate the defendant from personal liability for said operation. Thereafter, the aircraft was leased to a private individual until December 22, 1952, at which time the lease was given up for the reason that the aircraft was determined to be too heavy for economical use.

During the next three months, the defendant attempted to secure a lessee and, on March 20, 1953, through the Kearn Corporation, he leased the aircraft to Currey Air Transport, Ltd., for a period of eighteen months for the cash sum of one thousand dollars per month, with the exception of the first two months of the lease. At the end of the eighteen months the lease was extended an additional three months.

The lease provided that the work necessary for lightening the aircraft would be performed by the lessee, which the defendant testified was at a cost to the lessee of approximately five thousand dollars; plus an eight-thousand-hour major overhaul, which the defendant testified was at a cost to the lessee in an amount between sixteen thousand and eighteen thousand dollars. The lease further provided for certain radio and engine changes which were performed by the lessee at a cost of seventy-one hundred dollars, as testified to by the defendant, and a rental credit in the amount of twenty-five hundred dollars was given the lessee for these changes.

On October 26, 1954, the defendant rendered an accounting to the plaintiff for his income and expenses. After extensive negotiations, in November, 1954, the plaintiff who was represented by counsel, entered into an agreement with the defendant whereby the trust would be terminated by plaintiff's payment of the sum of nine thousand dollars to the defendant, in return for a transfer of all of the capital stock of Kearn Corporation to the plaintiff; and that the defendant would deliver the records relating to the management of the trust to the plaintiff. At that time, the plaintiff and defendant executed mutual releases, one from the other. The funds were paid, the stock was delivered, and thereafter the plaintiff managed Kearn, Inc.

On December 20, 1954, subsequent to the execution of the release, through Kearn, Inc., the plaintiff leased the aircraft to Currey Air Transport, Ltd., for the sum of sixteen hundred fifty dollars per month, on an oral month-to-month lease.

After execution of the release, *supra,* the plaintiff for the first time discovered that at the time of the lease of the aircraft to Currey Air Transport, Ltd., which was dominated by one Hermann, attorney's fees were due the defendant from Skycoach Airlines Agency, Inc., also dominated by Hermann. Neither did the plaintiff know the amount of the fees nor that payment of twenty-seven hundred fifty dollars in cash, and a one-thousand-dollar note of a third person, was

made to the defendant at the time or within a week after the lease of the aircraft to Currey Air Transport, Ltd. Upon making this discovery, plaintiff instituted this action against the defendant for an accounting.

Prior to the trial and during the course of the trial, by waivers and stipulations, it was agreed that the release, *supra,* would be effective for all purposes except damages resulting to the plaintiff by (1) the defendant's asserted breach of trust in making an improvident lease to the Currey Air Transport, Ltd., and (2) for the seeking of judgment for trustee fees paid the defendant. The defendant denied that the lease was improvident, or that there was any breach of the fiduciary relationship in his dealings with Hermann and Currey Air Transport, Ltd.

The testimony introduced on the issues raised was extensive and in sharp conflict. After weighing all of the testimony, the court found that the reasonable rental value of the C-47 aircraft was sixteen hundred fifty dollars per month; that the lease between Kearn, Inc., and Currey Air Transport, Ltd., negotiated by the defendant, was not improvident but was the best bargain the defendant could make at the time and under the circumstances, and was of more economic value to Kearn, Inc., and to the plaintiff than the rental arrangement for the aircraft entered into by the plaintiff immediately after the return of the aircraft to him; that the plaintiff suffered no loss as a result of the lease; that the payment of fees to the defendant for services rendered the Hermann-dominated Skycoach Airlines Agency, Inc., was not excessive; and that the defendant received no secret profit. Judgment was thereupon entered dismissing plaintiff's complaint with prejudice. The plaintiff appeals.

The issues raised by appellant's assignments of error are: (1) the court erred in finding that the lease of the aircraft to Currey Air Transport, Ltd., negotiated by the respondent through Kearn, Inc., was not an improvident lease; (2) that the respondent trustee received no secret profit; (3) that the attorney's fees received by the respondent from Skycoach Airlines Agency, Inc., for services performed were not excessive; (4) that no damage resulted to the appellant by

reason of respondent's dual representation in acting for both Hermann and the appellant.

These issues are clearly questions of fact and the testimony thereon is in sharp dispute. The rule is well established under these circumstances that the court will not overturn the findings of fact of the trial court when there is substantial evidence in the record to support them on appeal. *Wise v. Farden,* 53 Wn. (2d) 162, 332 P. (2d) 454 (1958). Nothing would be accomplished by a further detailing of the evidence introduced. It is enough to say that there is substantial evidence in the record to support the findings of fact of the trial court in this case.

The appellant contends that by virtue of the dual representation there was a breach of trust by the respondent, and the appellant should be given judgment for fees received by the respondent as trustee.

Appellant relies on the case of *Kane v. Klos,* 50 Wn. (2d) 778, 314 P. (2d) 672 (1957). There we properly held, under the facts present, that the fiduciary by his conduct forfeited all right to compensation. We stated:

" . . . The evidence of the secret profit is so clear that the matter is free from doubt, and the findings are equally explicit. This was a suit in equity to require a faithless fiduciary to disgorge his ill-gotten gains. Public policy forbids compromise with a swindler. The fiduciary who engages in such conduct forfeits all right to compensation. . . ."

The rule does not here apply since it has been determined in this case that the respondent received no secret profit as a result of his dual representation; that the fees received by the respondent attorney from the Skycoach Airlines Agency, Inc., were not excessive; and that the appellant suffered no damage by virtue of the lease to Currey Air Transport, Ltd.

We do not wish to be understood as condoning the dual representation by respondent but, since no damage resulting therefrom was proved, appellant has no cause of action and

his complaint was properly dismissed with prejudice by the trial court.

The judgment is affirmed.

MALLERY, DONWORTH, ROSELLINI, and OTT, JJ., concur.

January 12, 1960. Petition for rehearing denied.

